UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LINDA KULMANN,<br>    *Plaintiff*,<br><br>v.<br><br>TIMOTHY SULLIVAN,<br>    *Defendant*. | 3:25-cv-275 (OAW) |

## OMNIBUS RULING

**THIS ACTION** is before the court upon self-represented Plaintiff's motions for an *ex parte* temporary restraining order, ECF Nos. 1, 12, 15, and motion for leave to proceed in forma pauperis, ECF No. 2. For the reasons set forth below, the motions are **DENIED** and the matter is **DISMISSED.**

### I. BACKGROUND

Plaintiff Linda Kulmann seeks an *ex parte* temporary restraining order against Defendant Timothy Sullivan to reverse the eviction proceedings against her and otherwise enjoin him from "interfering with [her] property and inheritance rights" with respect to her father, Remo Ceniccola's, estate. [1] ECF No. 1 at 2–4. The complaint gestures at several injuries but does not clearly articulate a cause of action against Defendant. *See* ECF Nos. 1, 12. Plaintiff seeks injunctive relief "under the privilege[s] and immunity[ies] clause

---

[1] The motion for injunctive relief was nested within Plaintiff's complaint, ECF No. 1, which was amended on April 28, 2025, ECF No. 12. Plaintiff filed a separate motion for injunctive relief on June 6, 2025, ECF No. 15.

1

of the Fourteenth Amendment acting under color of law." Furthermore, she cites 18 U.S.C. § 242 as grounds for relief. ECF No. 1 at 2; ECF No. 12 at 2.

Plaintiff alleges that Defendant and unnamed others "have worked tirelessly" to dispossess her of her "[father's] estate and [her] inheritance." ECF No. 1 at 2. She claims that, due to Defendant's family connection to a former Chief Justice of the Supreme Court of Connecticut, Defendant "is able to direct judges, lawyers and ancillary staff to do whatever he wants whether it's lawful or not." *Id.* at 3. For example, she alleges that his influence is to blame for falsified estate documents and for her mail not being delivered. *Id.* at 3–4.

On February 25, 2025, Plaintiff filed the complaint and a motion to proceed in forma pauperis. ECF Nos. 1, 2. Since June 6, 2025, Plaintiff has filed a motion for leave to file supplemental pleadings, ECF No. 15, motions to amend the court record, ECF Nos. 16, 21, and a motion to stay proceedings pending appeal. ECF No. 17. In these filings, Plaintiff cites numerous state court probate and housing matters that she alleges are related to the instant action. *See, e.g.*, *Kulmann v. Sullivan*, No. UWY-CV23-5032737-S (Conn. Super. Ct. Waterbury July 12, 2023); *Rinaldi v. Kulmann*, No. WTH-CV25-6014938-S (Conn. Super. Ct. Waterbury Housing Sess. Apr. 29, 2025).

II. **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915, a district court shall dismiss a case filed in forma pauperis if it finds that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see Spencer v. Doe*, 139

F.3d 107, 110-11 (2d Cir. 1998). A complaint fails to state a claim upon which relief can be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

These rules are liberally interpreted in cases of self-represented plaintiffs. When reviewing a pro se plaintiff's submissions, the district court must hold them "to less stringent standards than formal pleadings drafted by lawyers." *Vargas-Crispin v. Zenk*, 376 F. Supp. 2d 301, 303 (E.D.N.Y. 2005) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). The court must "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *Id.* (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999)). Nonetheless, pro se plaintiffs still must satisfy the relevant rules of procedural and substantive law. *See id.*

III. **DISCUSSION**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the complaint, even as amended at ECF No. 12, must be dismissed because Plaintiff fails to state a claim upon which relief may be granted. Plaintiff brings this suit under 18 U.S.C. § 242, claiming Defendant "interferes with [her] inheritance rights under color of law." ECF No. 12 at 2. While 18 U.S.C. § 242 prohibits anyone from willfully depriving another person of their constitutional rights "under color of law," title 18 of the United States Code does not provide a private cause of action unless the specific statute includes an express or

implied private right of action.  *Guttilla v. City of New York*, No. 14-CV-156(JPO), 2015 WL 437405, at *11 (S.D.N.Y. Feb. 3, 2015) (citing *Cort v. Ash*, 422 U.S. 66, 79 (1975)).  Section 242 does not so provide.  *Vidurek v. Koskinen*, 789 F. App'x 889, 894 (2d Cir. 2019).  To the extent that Plaintiff's claims were based on this statute, the complaint must be dismissed because she may not bring a claim under 18 U.S.C. § 242.

Even if the court were to construe a separate cause of action based on Plaintiff's factual allegations, it would likely be barred by the *Rooker-Feldman* doctrine, which prohibits a party that has lost in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Ezagui v. City of New York*, 726 F. Supp. 2d 275, 289 (S.D.N.Y. 2010) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).  In such circumstances, a district court lacks subject matter jurisdiction over the litigant's claims. *Id.*

Here, Plaintiff in substance seeks appellate review of state court rulings.  For example, she pleads that Defendant influenced a probate judge to "misrepresent the amount of money in the estate bank account and alter the content of [her father's] will from three (3) beneficiaries to four (4)." ECF No. 1 at 3.  She also claims that Defendant "falsified the document stating he is the landlord" in the eviction proceedings *Rinaldi v. Kulmann*, No. WTH-CV25-6014938-S (Conn. Super. Ct. Waterbury Housing Sess. Apr. 29, 2025).[2]  ECF No. 12 at 2.  Because Plaintiff seems to seek this court's

---

[2] In *Rinaldi v. Kulmann*, the court entered judgment of possession in favor of the plaintiffs, Natalie Rinaldi and Stephanie Pellegrini, and ordered Ms. Kulmann (the plaintiff in the instant matter) to move out of the premises.  *Rinaldi v. Kulmann*, No. WTH-CV25-6014938-S, Doc. 108, 111 (Conn. Super. Ct. Waterbury Housing Sess. Apr. 29, 2025).

4

review and rejection of state court final orders regarding her eviction or the administration of her father's estate, the *Rooker-Feldman* doctrine bars this court from granting relief for lack of subject matter jurisdiction. *Bey v. Ferdinand*, No. 1:24-CV-6684 (LLS), 2025 WL 1505041, at *4 (S.D.N.Y. May 21, 2025).

For the aforementioned reasons, the complaint must be dismissed, and Plaintiff's motion for injunctive relief must be denied.

## IV. CONCLUSION

For the reasons discussed herein, it is **ORDERED:**

1. Plaintiff's complaint (ECF No. 1, amended at ECF No. 12) is **DISMISSED.**
2. Plaintiff's motions for injunctive relief (ECF Nos. 1, 12, 15) are **DENIED.**
3. Plaintiff's motion to proceed in forma pauperis (ECF No. 2), motions to amend the record (ECF Nos. 16, 21), and motion to stay proceedings pending appeal (ECF No. 17) are **DENIED as MOOT.**

**IT IS SO ORDERED** in Hartford, Connecticut, this 23rd day of June, 2025.

                                                 /s/
                                     OMAR A. WILLIAMS
                                     UNITED STATES DISTRICT JUDGE